# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| ELLIOTT L. HOGAN | CIVIL ACTION NO. 06-1550-P |
| VERSUS | JUDGE HICKS |
| LARRY C. DEAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Elliott L. Hogan ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on September 8, 2006. Plaintiff is currently incarcerated at the Louisiana State Penitentiary, but he complains his civil rights were violated while incarcerated at the Bossier Parish Jail. He names Larry C. Dean, Kathy Violar and the Bossier Parish Sheriff Department as defendants.

Plaintiff claims that on March 10, 2002, he was handcuffed, shackled and placed in a cell block with other inmates. He claims this situation continued until December 15, 2003. He claims his life was in danger because he could not protect himself. He claims that as a

---

[1] This decision is not intended for commercial print or electronic publication.

result, he suffered mental stress, pain, cuts, sores and swelling in his hands and feet. He also claims the other inmates took his possessions, including food, and physically abused him.

Plaintiff claims he was only allowed to shower once a week. He claims he could not take care of his personal hygiene needs. He claims his clothes smelled like urine and feces. He claims he feared he would contract a disease from his unsanitary living conditions. Plaintiff claims he was not allowed out of his cell for recreation.

Plaintiff claims the Bossier Parish Jail does not have an administrative remedy procedure.

As relief, Plaintiff seeks monetary damages.

For the reasons discussed below, Plaintiff's claims have prescribed and should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. <u>Id</u>. at 280. In <u>Gates v. Spinks</u>, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." <u>Gates</u>, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort

actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims that his civil rights were violated by prison officials while incarcerated at the Bossier Parish Jail from March 10, 2002 until December 15, 2003. Thus, prescription began to run as to these claims in December 2003 at the latest. The above entitled and numbered complaint was not signed by Plaintiff until September 6, 2006, and it was not filed by the Clerk of Court until September 8, 2006. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim

as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  See also <u>Gartrell v. Gaylor</u>, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed <u>in forma pauperis</u> that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of December, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE